IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

**TOREY C. HAYES** )
)  Case No. 3:18-cv-00660
v. )
)
**SOCIAL SECURITY ADMINISTRATION** )

TO:  Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court are two motions from Plaintiff Torey C. Hayes titled "Motion to Discuss." (Docket Nos. 30, 31.)[1] These two motions were referred to the undersigned for disposition. (Docket No. 32.) For the reasons detailed below, the undersigned respectfully recommends that Plaintiff's motions (Docket Nos. 30, 31) be **DENIED WITHOUT PREJUDICE**.[2]

### I. BACKGROUND

Plaintiff initiated the underlying action on July 17, 2018 – over six years ago – when he filed a complaint alleging that the Social Security Administration ("SSA") wrongfully withheld disability benefits that it owed to him. (Docket No. 1.) Plaintiff filed a third amended complaint on October 19, 2018 and alleged that the SSA committed negligence by withholding certain

---

[1] Defendant Social Security Administration did not respond to Plaintiff's first motion to discuss (Docket No. 30) and the time for the SSA to respond to Plaintiff's second motion to discuss (Docket No. 31) has not yet expired under Local Rule 7.01(a)(3). Nevertheless, the Court elects to exercise its authority under Local Rule 7.01(b) to rule on the motions prior to the time allowed for response.

[2] Because disposition of the motions is a post-judgment matter, the authority of the magistrate judge is limited to a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and (C). However, to the extent that the District Judge disagrees, this report and recommendation may be treated as an order and reviewed under the standards set forth in 28 U.S.C. § 636(b)(1)(A).

benefits to which he was entitled, including during the periods of August 2015 to August 2016, September 2016 to December 2016, and February 2017 to February 2018. (Docket No. 17.)

In response, the SSA moved to dismiss the complaint because the Court did not have subject matter jurisdiction. (Docket No. 23.) Upon consideration of the SSA's motion, the undersigned issued a Report and Recommendation recommending that the complaint be dismissed without prejudice for lack of subject matter jurisdiction because there was no "final decision" from the SSA to review. (Docket No. 27 at 5 (citing *Hines v. Astrue*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012)).) In the report and recommendation, the undersigned wrote:

> Defendant provides ample evidence . . . that Plaintiff skipped several steps in the administrative review process. There is no indication that, following the initial determination confirming his eligibility for continued receipt of SSI following his release from prison . . . , Plaintiff asked for reconsideration of the decision, a hearing before an ALJ, or review by the Appeals Council. In fact, Plaintiff's response, while opaque, appears to even concede that he failed to exhaust his administrative remedies.

(*Id.*) The District Judge accepted the Report and Recommendation, ordered that the case be dismissed without prejudice (Docket No. 28), and entered final judgment on March 26, 2019. (Docket No. 29.)

Now, more than five years after a final judgment was entered, Plaintiff has filed the two pending motions. (Docket Nos. 30, 31.) In these motions, Plaintiff references some of the original allegations in his now-dismissed complaint but asserts that the SSA still owes him "backpay" for various periods of time and will not make those required payments. Plaintiff references correspondence from the SSA that he received in June 2024, but he did not provide the Court with a copy of the purported letter. Plaintiff does not explicitly state what relief he seeks, but the Court presumes that Plaintiff wishes for the Court to either set a hearing to discuss the matters raised in

his motions or order the SSA to take certain actions related to Plaintiff's request for payment of "backpay."

## II. ANALYSIS

As set forth above, this Court previously found that it lacked subject matter jurisdiction over this case. (Docket No. 27 at 5 and Docket No. 28.) To implement whatever remedy Plaintiff may be seeking through his two pending motions, the Court must have jurisdiction. Construing the instant motions in the light most favorable to Plaintiff, the Court considers the motions to be requests by Plaintiff for relief from the Court's order of dismissal based on no subject matter jurisdiction. (Docket No. 28.)

Rule 60 of the Federal Rules of Civil Procedure concerns relief from a judgment or order. Under this rule, the Court may relieve a party from a final judgment or order for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Any motion made under Rule 60(b) must be made "within a reasonable time," and for any of the reasons articulated in Rule 60(b)(1), (2), and (3), within "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).[3]

---

[3] Because there is no indication that the basis Plaintiff's requested relief is either Rule 60(b)(4) (judgment is void) or Rule 60(b)(5) (judgment has been satisfied, released, or discharged), the only remaining basis for relief would be the general "any other reason that justifies relief" in Rule 60(b)(6). Plaintiff has not offered any supported other reason justifying relief.

Here, Plaintiff has provided the Court with no reason to relieve him from the orders determining that the Court lacks subject matter jurisdiction over this case. (Docket No. 28.)[4] Further, Plaintiff did not seek relief in a timely manner. Plaintiff appears to base his motion on a recent letter from the SSA, which would presumably fall within the scope of Rule 60(b)(2) as "newly discovered evidence." However, Plaintiff's motions were filed more than five years after entry of the order of dismissal (Docket No. 28) and of the final judgment (Docket No. 29), which is far beyond the one-year time limit mandated in Rule 60(c)(1). Absent any further reason justifying relief, which Plaintiff has failed to provide, the timing of his motions is also beyond any "reasonable time" for relief under the more general standard of Rule 60(c)(1).

Accordingly, because Plaintiff's motions are not supported by any viable arguments under Rule 60(b) and are not timely filed pursuant to Rule 60(c)(1), the motions must be denied. However, the Court recommends that the motions be denied without prejudice. Specifically, to the extent Plaintiff believes he has a valid claim arising out of or related to the June 2024 correspondence from the SSA, Plaintiff may pursue that claim in an appropriate proceeding in a court or tribunal of competent jurisdiction.[5]

---

[4] Nor has Plaintiff demonstrated any basis for relief from the final entry of judgment. (Docket No. 29.)

[5] In other words, the denial of Plaintiff's motions in this case should not be construed as precluding Plaintiff from pursuing any other relief for which he might have a claim as a result of the June 2024 letter from the SSA. However, to be clear, neither is the Court suggesting that Plaintiff might have a basis for some other claim. Rather the Court is simply instructing that whatever claims Plaintiff believes he has because of the June 2024 letter, those claims cannot be brought via the instant motions filed by Plaintiff in this case. Further, to the extent that Plaintiff may seek further relief because of the recent correspondence from the SSA, he would be well served to attach to his pleading or other filing a copy of the referenced June 2024 letter.

## III. RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions to discuss (Docket Nos. 30, 31) be **DENIED WITHOUT PREJUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge